

**Baruch S. Gottesman**
Attorney and Counselor at Law

August 17, 2017

**Via ECF**
The Honorable Judge Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
    Chambers: Room S905

Re:    Request for Pre-Motion Conference

        Re:    **Sharbat v. Muskat, et al.**
                **Docket No. 1:17-cv-04776 (KAM)**

Your Honor:

        I represent the Defendants in this action and write to request a pre-Motion Conference pursuant to Chambers Practice, Rule IV(B)(1).

### A.    Procedural History:

This special proceeding was initiated by the Plaintiff in the Supreme Court of the State of New York for Queens County, by filing a Verified Petition to Confirm an Arbitration Award. Defendants timely Removed the case to the Eastern District, and now seek to have the case dismissed.

### B.    Basis for Defendants' Motion to Dismiss

Defendants will move to dismiss the Verified Petition with prejudice because this Court lacks subject matter jurisdiction (**Rule 12(b)(1)**); because the Plaintiff failed to join necessary and indispensible parties (**Rule 12(b)(7)**); and because the Plaintiff failed to state a claim (**Rule 12(b)(6)**).[1] The basis for the Defendants' Motion to Dismiss will be substantially as follows:[2]

---

[1]    Pursuant to Chamber Practice, Rule IV(B)(1) service of this Request for a pre-Motion Conference is timely as a Motion to Dismiss under Rule 12(b).

[2]    Defendants reserve the right to supplement or amend the arguments made here.

New York Office • 185-12 Union Turnpike, Fresh Meadows, NY 11366
New Jersey Office • 9 Maplewood Terrace, Lakewood, NJ 08701
Phone: 718.454.4422 • eFax: 212.859.7307 • www.gottesmanlegal.com

### (i.) Dismissal Under Rule 12(b)(1)

The Defendants will argue that the Court lacks subject matter jurisdiction because the arbitrators have not issued a final and definite Award. The Verified Petition alleged that the arbitrators issued a self-described "*Psak Din Zmani* / Interim Decision", which on its face does not claim to be a final and definite award and which expressly provided that the arbitrators retain jurisdiction over the case. And in practice, the Plaintiff has continued to ask the arbitrators to intervene and modify the "*Psak Din Zmani* / Interim Decision".

Defendants will argue that New York's CPLR determines whether this award is definite and final because the parties agreed that Article 75 would govern, and because federal courts look to the state arbitration law in deciding cases under diversity jurisdiction. *See Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Uni.*, 489 U.S. 468 (1989); *County of Nassau v. Chase*, 402 Fed.Appx. 540 (2d Cir. 2010).

Defendants will further argue that under New York law, the "*Psak Din Zmani* / Interim Decision" in this case was neither final nor definite. *See* N.Y. CPLR § 7511; *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd., et al.*, 43 N.Y.2d 276, 282 (1977). The Defendants will also refer to New York precedent, which found that a nearly identical Interim Award was not confirmable. *See Goldberger v. Fischer, et ano.*, Docket #5226/2011, 2014 N.Y. Slip. Op. 33864(U) (S.Ct. Kings Co. Aug. 21, 2014).

Defendants will argue in the alternative that under clear federal precedent, the "*Psak Din Zmani* / Interim Decision" in this case is not confirmable. *See Michaels v. Mariforum Shipping, SA*, 624 F.2d 411 (2d Cir. 1980)(holding that a "Decision & Interim Award" that did not address counterclaims is not confirmable).

### (ii.) Dismissal Under Rule 12(b)(7)

The Defendants will also move to dismiss the Verified Petition because Plaintiff failed to join necessary and indispensible parties. The Defendants will factually establish the existence of the absent parties and why they are both necessary and indispensable. Then the Defendants will then show why joinder of the necessary and indispensible parties is neither practical nor feasible.

### (iii.) Dismissal Under Rule 12(b)(6)

Last, the Defendants will ask that the Verified Petition be dismissed because – treating this special proceeding as analogous to a Motion for Summary Judgment, *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) – Defendants will have raised material facts about the sufficiency of the allegations in the Verified Petition.

Letter to Hon. Kiyo A. Matsumoto
Re: Request for Pre-Motion Conference
Sharbat v. Muskat, et al., 1:17-cv-04776 (KAM)
August 17, 2017
Page 3 of 3

### C. Defendants respectfully propose the following briefing schedule for their Motion to Dismiss:

- Defendants will serve Plaintiff with their Motion to Dismiss: **August 21, 2017**

- Plaintiff's Responsive Papers, if any: **September 5, 2017**

- Defendants' Reply, if any: **September 13, 2017**

The Defendants thank Your Honor for her consideration of this request for a pre-motion conference.

RESPECTFULLY SUBMITTED,

_____
Baruch S. Gottesman, Esq.

Courtesy Copied via e-mail and First Class Mail:
Jason Lowe, Esq.
SARFATY AND ASSOCIATES, P.C.
1 North Sherri Lane
Wesley Hills, NY 10977
*Attorney for Plaintiff Solomon Sharbat*