# SARFATY AND ASSOCIATES, P.C.
## ATTORNEYS AT LAW
1 NORTH SHERRI LANE
WESLEY HILLS, NEW YORK 10977
TEL: 845-426-5710
Fax: 845-354-0615

August 23, 2017

**VIA ECF**

Honorable Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    *Sharbat v. Muskat, et al*
              Docket No.: 17-cv-04776-KAM

Dear Judge Matsumoto:

    This firm represents the Petitioner in the above-captioned action. We write to Your Honor in response to Respondents' request for a pre-motion conference on their motion to dismiss and to request a pre-motion conference so that Petitioner may file a motion to enforce an arbitration subpoena.

    I.   Jurisdiction

    Respondents' motion to remove contains material misrepresentations and distortions of fact concerning Mr. Sharbat, his citizenship, and his positions and filings in other litigations. There is no basis for diversity jurisdiction in this case. This is especially true considering the fact that Respondents are seeking to add parties to this action. Needless to say, Petitioner does not contest that this Court has jurisdiction in this action under the New York Convention in that the arbitration has a reasonable relation with one or more foreign states considering Petitioner is residing abroad and has been residing abroad for several years.[1]

    II.   The Interim Award is Enforceable

    The arbitration award being enforced in this proceeding is authorized by the parties arbitration agreement (Exhibit A) which states that the "Arbitrators shall be empowered to issue such intermediate decisions or orders as they deem necessary[.]" Thus, the plain text of the arbitration agreement allows for the issuing and enforcing of intermediate decisions. Courts in this district strictly enforce arbitration agreements according to their terms. <u>Loeb v Blue Star Jets, LLC</u>, 2009 US Dist LEXIS 118549, at *6-8 (SDNY Dec. 17, 2009). Thus, since the terms of this arbitration explicitly allow interim awards, the Court should confirm the interim award in this case.

---

[1] Note, despite removing this case to Federal Court, the Respondents claim that the New York CPLR governs this action. Respondents do not explain the rationale for their assertion nor do they cite any law that supports their position.

It should also be noted, New York First Department affirmed a lower court's decision not to vacate an interim arbitration award. Matter of Steven Kessler Motor Cars, Inc. v Ferrart North America, 245 AD2d 211, 666 N.Y.S.2d 613 (1st Dept 1997). Thus, there is clear precedent to confirm the interim award in this case.

III. Respondents' Other Arguments Will Not Provide a Basis for Dismissal

Respondents state that other parties should be added this action without stating who those other parties are. Needless to say, when Respondents identify those other parties the Court may simply order the party or parties joined. Tuscano v Tuscano, 403 F Supp 2d 214, 224 (EDNY 2005). Note, Petitioner's time to amend has not expired and thus when the parties are identified, if Petitioner agrees that they are necessary, Petitioner may simply amend the pleading to add those parties.

Respondents also state that the verified petition should be dismissed because Respondents "will have raised material facts about the sufficiency of the allegations in the Verified Petition." Respondents do not state what facts they intend to raise so Petitioner cannot specifically respond to this argument.

IV. The Court Should Enforce the Subpoenas in this Action

The Beit Din authorized Petitioner to Subpoena Respondent. See Exhibit B. Petitioner did Subpoena Respondent Muskat, however, Respondent Muskat has not complied with the subpoena. See Exhibit C. Since this District Court has the authority to compel compliance with the subpoena in this case, this shall serve as Petitioner's request for a pre-motion conference with regard to filing a motion to enforce the arbitration subpoena. Walt Disney Co. v N.A. of Broad. Emples. & Technicians, 2010 US Dist LEXIS 94524, at *7-8 (SDNY Sep. 10, 2010).

Respectfully Submitted,

/s/ Jason F. Lowe
Jason F. Lowe