**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
|
SOLOMON SHARBAT,                           |   Civil Action No.  1:17-cv-04776
|
           Plaintiff,           |
|
       ~ against ~         |
|
CHAIM MUSKAT, STAR FINANCIAL LLC;  |
and SEPHARDIC TORAH AND RETURN   |
CENTER INC.,                        |
|
       Defendants          |
|
-------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendants*

# TABLE OF CONTENTS

**Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iv

**Preliminary Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**I.**   **The Court Lacks Subject Matter Jurisdiction**
**To Confirm An Interim Award** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 – 17

        A.   The Law of the Forum State,
New York's CPLR Article 75
Determines Whether the Award is Final . . . . . . . . . . 2 – 5

        B.   Under New York law, the Award Cannot
be Confirmed because it was
Neither a Final Determination
Nor Coextensive with the Parties' Submissions . . . . 6 – 14

        C.   Interim Award Cannot be
Confirmed Under FAA . . . . . . . . . . . . . . . . . . . . . . 14 – 16

**II.**   **The Plaintiff Failed to Join Necessary Parties** . . . . . . . . . . . . . . . . . . . . . . . . 17 – 20

        1.   Necessary Parties Were Not Joined . . . . . . . . . . . . . 17 – 19

        2.   Missing Parties are Indispensible . . . . . . . . . . . . . . 19 – 20

**III.**   **The Plaintiff Failed to State a Claim** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 – 22

        Genuine Issues of Material Fact Must
Lead to the Dismissal of Plaintiff's
Verified Petition to Confirm . . . . . . . . . . . . 20 – 22

**IV.**   **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

i

## Table of Authorities

◊◊ Authority Primarily Relied On
** Copy of Decision Annexed to Gottesman Affirmation

## Court Decisions

** *Advanced Aerofoil Technologies, AG v. Todaro, et al.,*
      Docket #13-cv-7181 (S.D.N.Y. April 15, 2014) . . . . . . . . . . . . . . . . . . **4**

** *Advanced Aerofoil Techs. v. Todaro,*
      No. 14-1664 (2d Cir. Dec. 19, 2014) . . . . . . . . . . . . . . . . . . . . . . . **5**

*Chambers v. Time Warner, Inc.,*
      282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

*City of N.Y. v. Milhelm Attea & Bros., Inc.,*
      550 F.Supp.2d 332 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . **17**

◊◊ *County of Nassau v. Chase,*
      402 Fed.Appx. 540 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Compania Panemena Maritima v. J.E. Hurley Lumber Co.,*
      244 F.2d 286 (2d Cir. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

*Conntech Development Co. v. Univ. of Conn. Educ. Properties, Inc.,*
      102 F.3d 677 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

*De Sapio v. Kohlmeyer, et al.,*
      35 N.Y.2d 402 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

*D.H. Blair & Co., Inc. v. Gottdiener,*
      462 F.3d 95 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

*El Hoss Engineering & Transport Co., Ltd. v. American Independent Oil Co.,*
      289 F.2d 346 (2d Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14, 15**

*First Interregional Equity Corp. v. Haughton,*
      842 F.Supp. 105 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . **15**

** *GE Transportation (Shenyang) Co., Ltd. v. A-Power Energy Gen. Sys., Ltd.,*
      No. 15-cv-6194 (S.D.N.Y. June 22, 2016) . . . . . . . . . . . . . . . . . . . . . **20**

ii

◊◊ ** *Goldberger v. Fischer, et ano.,*
      2014 N.Y. Slip. Op. 33864(U)(Kings Co. Aug. 21, 2014) . . . . . . . ***passim***

◊◊ ** *Goldberger v. Fischer, et ano.,*
      2017 N.Y. Slip Op. 01854 (2d App. Div. March 15, 2017) . . . . . . . . . **6**

*Guetta v. Raxon Fabrics Corp.,*
      123 A.D. 40 (1st App. Div. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . **10, 13**

*Gutwirth v. Carewell Trading Corp.., et al.,*
      20 Misc.2d 64 (N.Y.S.Ct. N.Y. Co. 1959) . . . . . . . . . . . . . . . . . . . . . **12**

*Holland v. Fahnestock Co., Inc.,*
      210 F.R.D. 487 (S.D.N.Y. Aug. 1, 2002) . . . . . . . . . . . . . . . . . . . . . **18**

*J.S. ex rel. N.S. v. Attica Cent. Sch.,*
      386 F.3d 107 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

*Jones v. Welwood,*
      71 N.Y. 208 (1877) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11, 12**

*In re Khan,*
      2014 WL 4956676 (E.D.N.Y. Sept. 30, 2014) . . . . . . . . . . . . . . . . . . **17**

*Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],*
      25 N.Y.2d 451 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

◊◊ *Michaels v. Mariforum Shipping, SA,*
      624 F.2d 411 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

◊◊ *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd., et al.,*
      43 N.Y.2d 276 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6, 12**

*Murray Walter, Inc. v. Laborers Int'l Union,*
      388 N.Y.S.2d 716 (3d Dep't 1976) . . . . . . . . . . . . . . . . . . . . . . . . . **16**

*Ottley v. Schwartzberg,*
      819 F.2d 373 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

*Provident v. Tradesmens Bank & Trust Co. v. Patterson,*
      390 U.S. 102 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

*Quality Building Construction, LLC v. Jagiello Const. Corp.,*
      4 N.Y.S.3d 294 (2d App. Div. 2015) . . . . . . . . . . . . . . . . . . . . . . . . **10**

iii

*Scott v. Bridge Chrysler Plymouth, Inc.,*
    625 N.Y.S.2d 266 (2d App. Div. 1995) . . . . . . . . . . . . . . . . . . . . . . . . **13**

*Shields v. Barrow,*
    58 U.S. 130, 139 (1854) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

*Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.,*
    931 F.2d 191 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

◊◊ *Volt Info. Scies., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,*
    489 U.S. 468 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3, 5**

*Yakin v. Tyler Hill Corp., et al.,*
    566 F.3d 72 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **fn. 2**

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., et ano,*
    126 F.3d 15 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

*Zappia Middle East Construction Company Limited v. Emirate of Abu Dhabi,*
    215 F.3d 247 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

## **Statutes**

Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ***passim***

    Federal Rules of Civil Procedure 12(b)(1) . . . . . . . . . *passim*

    Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . *passim*

    Federal Rules of Civil Procedure 12(b)(7) . . . . . . . . . *passim*

    Federal Rules of Civil Procedure 19(a) . . . . . . . . . . . . . . . . 17

Federal Arbitration Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ***passim***

    9 U.S.C. § 207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    9 U.S.C. § 10(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

New York C.P.L.R. Article 75 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ***passim***

    New York C.P.L.R. § 7510. . . . . . . . . . . . . . . . . . . . . . *passim*

    New York C.P.L.R. § 7511. . . . . . . . . . . . . . . . . . . . . . *passim*

## **Preliminary Statement**

"The courtroom may not be used as a convenient vestibule
to the arbitration hall so as to allow a party to create his
own unique structure combining litigation and arbitration."

*De Sapio v. Kohlmeyer, et al.*, 35 N.Y.2d 402, 406 (1974)


As this memorandum of law will explain, the arbitrators remain seized of this matter. The Psak Din Zmani / Interim Decision that the arbitrators issued did not resolve the underlying claims in whole or in part and even after filing his Verified Motion to Confirm, the Plaintiff has continued to call upon the arbitrators for modification and further direction with respect to the interim award which Petitioner now seeks to confirm.

The Verified Petition should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), the Federal Arbitration Act and N.Y. C.P.L.R. §§ 7510 and 7511 because this Court has no subject matter jurisdiction to confirm this non-final and indefinite Psak Din Zmani / Interim Decision; an interim award which Plaintiff himself has exhibited, remains subject to continued oversight by the arbitrators.

Further, the Verified Petition must be dismissed because the Petitioner has failed to join necessary and indispensible parties and these missing parties cannot be joined. F.R.C.P. 12(b)(7). The Verified Petition should also be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6); and CPLR §§ 7511 because the Petitioner has not sufficiently alleged that the Psak Din Zmani / Interim Decision was delivered, has not alleged the existence of the parties' arbitration agreement, and because there are genuine issues of material fact.

**I.      The Court Lacks Subject Matter Jurisdiction**
**To Confirm an Interim Award**

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss the Verified Petition to Confirm because the Court lacks subject matter jurisdiction over the Psak Din Zmani / Interim Decision.  On motions to dismiss for lack of subject matter jurisdiction, the "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits . . ." *Zappia Middle East Construction Company Limited v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but does "not [] draw inferences from the complaint favorable to the plaintiff". *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

In this case, the Court should take notice of the Affirmation in Support by Defendant Muskat and his counsel, which will help resolve jurisdictional facts about the finality of the Award, and which will help flesh out statements and documents incorporated by reference and relied on by the Plaintiff in his Verified Petition. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002).

**B.      The Law of the Forum State, New York's CPLR Article 75,**
**Determines Whether The Award is Final**

The law of the forum state – New York's C.P.L.R. Article 75 – governs the Confirmation of the Psak Din Zmani / Interim Decision.  If the Psak Din Zmani / Interim Decision is not a final determination nor coextensive with the Parties' submissions then under New York law, the Psak Din Zmani / Interim Decision cannot be confirmed and the court has no subject matter jurisdiction.

The arbitration law of New York – C.P.L.R. Article 75 – governs this Verified Petition to Confirm because the parties agreed that court proceedings in New York related to the confirmation of any arbitration award would be done pursuant to the arbitration law of New York.

The Plaintiff alleged that the arbitration agreement provided, in relevant part:

> "The decree of the Arbitrators shall be enforceable in the courts in the State of New Jersey and/or New York . . .
>
> "The Parties submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A 24-1 et seq. and Article 75 of the New York Civil Practice Law and Rules."
>
> Affidavit in Support, Exhibit A, Arbitration Agreement at p.1

The parties' agreement to enforce the arbitration <u>in the State of New York</u> and <u>pursuant to C.P.L.R. Article 75</u> was plainly chosen because of the Defendants' residence in New York and the extensive case law and experience of New York Justices and Judges with the unique issues attendant to Beth Din arbitration. The Parties agreement that the parties would submit to jurisdiction pursuant to New York's C.P.L.R. Article 75 should given substantial weight when considering which arbitration law should control. The Second Circuit has affirmed that:

> "When, as here, a retainer contract specifies that any appeal from an arbitration award is to be governed exclusively by New York state law, the designation must be honored by the courts unless the state law conflicts with federal law. *Volt Info. Scies., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 470, 477-78, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). This is true even when the contract involves interstate commerce and would otherwise

fall within the coverage of the Federal Arbitration Act ("FAA"). Id. at 476-78, 109 S.Ct.1248."

*County of Nassau v. Chase*, 402 Fed.Appx. 540, 541 (2d Cir. 2010).  The language of the arbitration clause in *County of Nassau* was as follows:

> "In the event of any dispute, claim or controversy arising hereunder or in connection herewith, the matter will be submitted for binding arbitration . . . . The parties agree that the decision of the arbitrators will be binding and not subject to appeal, except solely and exclusively on the grounds set forth in the New York Civil Practice Law & Rules."
> Arbitration Agreement at ¶ 13.[1]

Just as the arbitration clause in *County of Nassau*, the arbitration clause in this case explicitly provided that the parties submitted to jurisdiction in New York for "any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to [N.J. law] and Article 75 of the New York Civil Practice Law and Rules."[2]

Even if the parties had not agreed to any appeal of the arbitrators' award pursuant to Article 75, New York's Civil Practice Law and Rules should control.  Where an arbitration matter is before a federal court under diversity jurisdiction, Courts look to the arbitration law of the forum state.  For example, in *Advanced Aerofoil Technologies, AG v. Todaro, et al.*, Docket #13-cv-7181 (S.D.N.Y. April 15, 2014)(Sweet, Judge

---

[1]    A copy of the Verified Petition with Exhibit A in *County of Nassau v. Chase*, 08-cv-0081 (E.D.N.Y.), which contains the arbitration clause, is annexed to the Gottesman Affirmation at Exhibit A.

[2]    Note that as in *County of Nassau*, the Parties' agreement to litigate "in New York State" and pursuant to C.P.L.R. Article 75 was not a waiver of federal jurisdiction. In *Yakin v. Tyler Hill Corp., et al.*, 566 F.3d 72 (2d Cir. 2009) the Court held that a contract clause that provided "[i]t is agreed that the venue and place of trial of any dispute that may arise out of this Agreement [] shall be in Nassau County, New York." would have provided for federal jurisdiction if there was any federal courthouse physically within Nassau County.

Robert W.), *affirmed Advanced Aerofoil Techs. v. Todaro*, No. 14-1664 (2d Cir. Dec. 19, 2014)(Summary Order),[3] the Court, sitting in diversity jurisdiction, relied on Article 75 for the substantive arbitration law.

Further, the U.S. Supreme Court held that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Information Sciences, Inc. v. Bd of Trustees of Leland Stanford Jr. Uni.*, 489 U.S. 468, 477 (1989).  *Volt* affirmed that state law applies where the parties agreed to "be governed by the law of the place where the Project is located" *Id.* at 470, and articulated the principle as follows:

> "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate.  Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration – rules which are manifestly designed to encourage resort to the arbitral process – simply does not offend the rule of liberal construction set forth in *Moses H. Cone*, nor does it offend any other policy embodied in the FAA."

> *Volt, Id.* at 476

And as described earlier:

> "When, as here, a retainer contract specifies that any appeal from an arbitration award is to be governed exclusively by New York state law, the designation must be honored by the courts unless the state law conflicts with federal law."

> *County of Nassau v. Chase*, 402 Fed.Appx. 540, 541 (2d Cir. 2010) (*citing Volt*) (emphasis added).  There is no conflict between State and federal law here and therefore New York's CPLR Article 75 governs.

---

[3]     A copy of the *Aerofoil* decision is annexed as Exhibit B to the Gottesman Affidavit

**B.**　　　　**Under New York Law, the Award**
**Cannot be Confirmed because it Was Neither**
**a Final Determination Nor Coextensive**
**with the Parties' Submissions**

Article 75 provides that an Award must not be confirmed where a party's rights are prejudiced by "an arbitrator, or agency making the award exceeded his power or so imperfectly executed it that a <u>final and definite award upon the subject matter submitted</u> was not made". CPLR § 7511(b)(iii) (emphasis added).  New York State's *Mobil Oil* Doctrine recognizes that "not only the limitations of the statute, but policy considerations as well, dictate the courts refrain from entertaining [] interlocutory determinations made by arbitrators".  *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd., et al.*, 43 N.Y.2d 276, 282 (1977).

Under New York law, "the only authority for judicial review of arbitration awards is found in CPLR 7510 and 7511" *Mobil Oil, Id*. at 281 (*citing Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 N.Y.2d 451, 454 (1969)).  "But before the court may intervene or even entertain a suit seeking court arbitration, there must be an 'award' within the meaning of the statute.  The 'awards' of arbitrators which are subject to judicial examination under the statute – and then only to a very limited extent – are the <u>final determinations made at the conclusion of the arbitration proceedings</u>".  *Mobil Oil, Id*. at 281 (internal quotations omitted, emphasis added).

The Court of Appeals further clarified that "generally, the award is the arbitrators' decision and <u>final determination upon the matters submitted and must be coextensive with the submission</u>." *Mobil Oil*, Id. at 281 (citations omitted, emphasis added).

As described in the Gottesman Affirmation at Exhibits C – E and the Muskat Affirmation, the Psak Din Zmani / Interim Decision is neither:

(a.)   a final determination made at the conclusion of the arbitration proceedings; nor

(b.)   a final determination upon the matters submitted which are coextensive with the submission,

and therefore the Verified Petition must therefore be dismissed pursuant to Rule 12(b)(1).

In *Goldberger v. Fischer, et ano.,* Docket #5226/2011, 2014 N.Y. Slip. Op. 33864(U) (S.Ct. Kings Co. Aug. 21, 2014)(Schmidt, Justice David I.), the Court found that they no authority to Confirm a Beth Din arbitration award which provided:

"2.      Because the money was delivered to the defendant has he has already delivered a significant part of the money to the plaintiff, the defendant is required to provide a correct and detailed accounting of all income he received at the partnership business, in order to determine wether [*sic*] he still owes the plaintiff money, and how much.

"3.      [] If the defendant has an argument to deduct a certain amount from the money he received, he should justly account for it upon delivering it to the plaintff, and he is required to immediately deliver to the plaintiff that which is owed to him in accordance with the above percentages.

"4.      If the parties will not agree among themselves to the accounting, they shall submit it to an accountant who is acceptable to the two parties; if they will not agree on an accountant, the Rabbinical Court will rule on the proper course of action . . . .

"6.      If a dispute will arise between the parties about the interpretation of this Rabbinical Court Ruling, they shall present their issues before the Rabbinical Court signed below, and the Rabbinical Court will rule on the proper course of action."

*Goldberger, Id.* at *2. (copy of decision at Gottesman Affirmation at Exhibit F). The Arbitration Award in *Goldberger* is strikingly analogous to the Psak Din Zmani / Interim Decision in this case, as described in the following chart:

7

|  | ***Goldberger***<br>Arbitration Award | ***Sharbat v. Muskat***<br>Psak Din Zmani /<br>Interim Award |
|---|---|---|
| Beth Din Retained Jurisdiction | "If a dispute will arise between the parties about the interpretation of this Rabbinical Court Ruling, they shall present their issues before the Rabbinical Court signed below, and the Rabbinical Court will rule on the proper course of action."<br><br>(Arbitration Award at ¶ 6)<br><br>"If the parties will not agree among themselves as to the accounting, they shall submit it to an accountant who is acceptable to the two parties; if they will not agree on an accountant, the Rabbinical Court will rule on the proper course of action . . . ."<br><br>(Arbitration Award at ¶ 4) | "Bais Din retains jurisdiction over all the matters between the Parties."<br><br>(Psak Din Zmani / Interim Decision at ¶ D2)<br><br>"Bais Din retains the jurisdiction to determine if Plaintiff will be entitled to be compensated for any expenses incurred in performing this discovery."<br><br>(Psak Din Zmani / Interim Decision at ¶ A5)<br><br>"This discovery alone shall not in any way obligate Defendant to pay any additional award above the amount awarded in A1. Bais Din retains its jurisdiction to review the information obtained through discovery and will determine if any additional monies are owed."<br><br>(Psak Din Zmani / Interim Decision at ¶ A4)<br><br>"All other claims already presented but not addressed in the above are hereby denied.  A ruling on the counterclaims will be delivered at a later date."<br><br>(Psak Din Zmani / Interim Decision at ¶ D4) |
| Further Information Required for Beth Din to Issue Award | "Because the money was delivered to the defendant and he has already delivered a significant part of the money to the plaintiff, the defendant is required to provide a correct and detailed accounting of all income he received at the partnership business, in order to determine whether he still owes the plaintiff money, and how much."<br><br>(Arbitration Award at ¶ 2) | "[Plaintiff may] subpoena Defendant to furnish access to Defendants' accounting records (including his entities) to determine the exact amount of revenue that was received in association to deals made between Defendants and [a non-party] specifically relating to Life Insurance policies . . . ."<br><br>(Psak Din Zmani / Interim Decision at ¶ A3) |

*Goldberger* ruled that

"the Arbitration Award relied upon by the petitioner unequivocally provides that:

'If a dispute will arise between the parties about the interpretation of this Rabbinical Court Ruling, they shall present their issues before the Rabbinical Court signed below and the Rabbinical Court will rule on the proper course of action'

Thus the Beth Din was fully aware that the Arbitration Award did not provide for a final resolution of the dispute between the parties because the above quoted paragraph directs the parties to return to the Rabbinical Court if they cannot resolve the matter between them."

*Goldberger, Id.* at *8.

Earlier this year, the *Goldberger* decision was affirmed as follows:

"An arbitration award is indefinite or nonfinal if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy.  Here, the arbitration award was nonfinal, as it did not resolve the issue of monetary damages.  Accordingly the Supreme Court property granted that branch of the motion . . . which was, in effect, to compel the petition to return to the rabbinical court for a determination of the issue of damages and properly, in effect, denied the petition to confirm the arbitration award without prejudice to renew upon conclusion of the arbitration."

*Goldberger v. Fischer, et ano.,* 2017 N.Y. Slip Op. 01854, at *2 (2d App. Div. March 15, 2017)(citations omitted) (See Exhibit G of Gottesman Affirmation).

This is especially true here – and this cannot be emphasized strongly enough – the Plaintiff himself has continued to call on the arbitrators to exercise jurisdiction over the substance of the interim award and the proceedings in court.  *See* Gottesman Affirmation at Exhibits C – E.

The Psak Din Zmani / Interim Award expressly decided that "Bais Din retains its jurisdiction to review the information obtained through discovery and will determine if any additional monies are owed". ¶ A4.  The substantive issue – what funds were owed – was left completely unresolved.   Similarly, ¶ A5 provided that "Bais Din retains the jurisdiction to determine if Plaintiff will be entitled to be compensated for any expenses incurred in performing this discovery".  Again, this is not a situation where no pending dispute was left unresolved.  The Bais Din retained jurisdiction for all matters in an ongoing arbitration hearing, including the any alleged partial decision.   And as described in the Affirmations in support, after filing the Verified Petition, the Petitioner has continued to call on the Bais Din to exercise this jurisdiction.  *See* Exhibits C – E.

Again in ¶ B, the Psak Din Zmani / Interim Award provided that "Bais Din does not 'find it viable' for the Bais Din to adjudicate the OCPI matters", when in fact the dispute over "OCPI and related matters" was of the essence of what the parties agreed to arbitrate (*See* Muskat Affirmation).   The cryptic failure of the Bais Din to "find it viable [] to adjudicate" (Psak Din Zmani / Interim Decision at ¶ B) "d[id] not resolve the controversy submitted [rather] it create[d] a new controversy". *cf. Quality Building Construction, LLC v. Jagiello Const. Corp.*, 4 N.Y.S.3d 294 (2d App. Div. 2015) (citations omitted).

New York Courts have consistently held that "[t]o be final and definite, it is necessary only that the award resolve the dispute submitted in a manner that does not remit the parties to a new controversy or future litigation, and that unequivocally indicates their respective rights and obligations and what each must do." *Guetta v. Raxon Fabrics Corp.*, 123 A.D. 40, 44 (1st App. Div. 1987).  The Bais Din's explicit failure to

"find it viable" to adjudicate the heart of the dispute between the parties, and the express reservation of jurisdiction over "all the matters between the Parties" means that there is no unequivocal indication of the parties respective rights and obligations – in whole or in part - and therefore this Court cannot confirm the Psak Din Zmani / Interim Award.

Further, as illustrated in the chart above, the Psak Din Zmani / Interim Decision's reliance on further Discovery is analogous to the *Goldberger* case, which found that the Arbitration Award's reliance on the results of a third party accounting was persuasive in showing that "there is not yet a final arbitration award before the court that may be confirmed or vacated". *Goldberger Id.* at * 8. Goldberger "decline[d] to find that the Arbitration Award set forth a definitive mathematical formula" *Id.*, because the Award relied on further disclosures by the parties and the arbitrators retained jurisdiction. So too here, the Psak Din Zmani / Interim Decision relies on calculations that will be made after further Discovery and subject to continued jurisdiction by the Bais Din and <u>no part</u> of the arbitration has been finally decided.

In this case, the Interim Award was not co-extensive with the submission. Since time immemorial, Federal and New York Courts have held that Arbitration Awards may only be confirmed where they are "co-extensive with the submission". In *Jones v. Welwood*, 71 N.Y. 208 (1877), Chief Judge Church explained that:

> "[t]he general rule is, that the award must be co-extensive with the submission, and that it must be a final determination of the matter submitted. The old rule was that unless the submission expressly made it conditional under an '*ita quoad*' clause, that all matters in dispute were to be adjudged, an award of a part only was good; but this rule has been very much modified both in England and this country."
>
> *Jones, Id.* at 212 – 213.

Where broad language is added, such as:

"'and all other actions and cause of action,' or 'touching divers and other matters' as well as those particularly mentioned, or 'and all other demands,' or 'all demands which either party has against the other,' so long as it is evident that the parties intended by them to embrace different and more general matter than that which has already been specified.   In such a case, where the submission extends to 'all the demands which either party has against the other,' whatever constitutes a demand on the one side or the other is included, and the presumption is in favor of an intention <u>that all matters should be decided</u>".

*Gutwirth v. Carewell Trading Corp.., et al.*, 20 Misc.2d 64, 74-75 (N.Y.S.Ct. N.Y. Co. 1959)(*Citing Jones* and *Carmody-Wait N.Y. Prac*. Vol. 21, pp. 426-427)(emphasis added).   *See also Mobil Oil, Id.* at 281 (citing *Jones* for the "coextensive with the submission" rule); *Goldberger, Id.*, at * 7 (same).

The Arbitration Agreement provided for the arbitration of "all the controversies (claims and counterclaims)", the parties expressly executed an *Ita Quoad* clause for the arbitrations to decide "Claims on OCPI shares and related matters".

By contrast, the Psak Din Zmani / Interim Decision expressly provided that "Bais Din does not find it viable for the Bais Din to adjudicate the OCPI matters". ¶ B.   Whatever the cryptic language of the Psak Din Zmani / Interim Decision may or may not mean, it is clear that the Bais Din failed to dispose of the primary matter in dispute between the parties and the reason that the parties' submitted the matter to Bais Din in the first place.   Further, the Psak Din Zmani / Interim Decision provided that "A ruling on the counterclaims will be delivered at a later date". ¶ D1.

Simply put – the matter submitted to the Bais Din was primarily the "Claims on OCPI shares and related matters".   The matter submitted to the Bais Din

included counterclaims.   However the Psak Din Zmani / Interim Award is not co-extensive with the parties' submission.  To the contrary – the Bais Din expressly found it is "not viable" to adjudicate the primary submission and that a ruling on the counterclaims will be delivered at a later date.

To be clear, the Defendants are not arguing here that the Bais Din failed to consider all of the issues of fact and law that a court would have to consider in order to properly dispose of the same controversy.  The place for such arguments will be in the appropriate Motion to Vacate.  The Defendants are arguing that the Arbitrators failed to dispose of the controversy submitted at all.  *See Matter of Guetta (Raxon Fabrics Corp.)*, 123 A.D.2d 40, 45 (N.Y. 1st App. Div. 1987)(distinguishing between an "arbitrator's failure, on the one hand, to dispose of the controversy submitted, and his failure, on the other, to consider all the facts and law that a court would have to consider . . .  The former renders an award not final and definite []; the latter amounts to a mere error of fact or law not judicially reviewable.")

The Second Appellate Division has followed the *Guetta* rule.  For example in *Scott v. Bridge Chrysler Plymouth, Inc.*, 625 N.Y.S.2d 266, 676-677 (2d App. Div. 1995) the Court affirmed the distinction between an arbitrator's failure to adjudicate with due consideration of the facts and law (which itself may not be reviewable) and the arbitrator's failure to adjudicate a matter whatsoever (which renders any award not final and definite and which therefore cannot be Confirmed).

As described fully in the Affirmation in Support by Defendant Muskat at no time did Respondents waive their rights to a final and definite adjudication or otherwise modify the scope of the arbitration agreement.   The Defendants have

consistently argued that the Arbitrators have not heard the claims of the parties, have not adjudicated the matters in dispute (including the OCPI Claims and the Counterclaims) and that the Arbitrators cannot make an Award without a full hearing of the case.

### C.      Interim Award Cannot Be Confirmed Under FAA

9 U.S.C. § 207 provides that "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said convention".  Under the New York Convention, the grounds for refusing to recognize or enforce an arbitral award include:

> "(c)    The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration . . . .
>
> "(d)    The . . . arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> "(e)    The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made."

New York Convention, Article V.  *See also Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., et ano*, 126 F.3d 15 (2d Cir. 1997).  The statute describes this as allowing vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

As an initial matter, in the arbitration context the Second Circuit has said that "[a]lthough we are not required to apply state law it will not be amiss for us to consider it." *El Hoss Engineering & Transport Co., Ltd. v. American Independent Oil*

*Co.*, 289 F.2d 346, 350 (2d Cir. 1961) *cert. denied*, 368 U.S. 837 (1961).  So even under

the FAA itself, the "courts in this circuit may look to the <u>logic</u> of rulings of New York

State courts in arbitration matters." *First Interregional Equity Corp. v. Haughton*, 842

F.Supp. 105, 112 (S.D.N.Y. 1994)(*citing El Hoss*)(emphasis added).  And doing so is

especially appropriate here considering the extensive precedent with respect to Beth Din

awards in New York State Courts.

> The Second Circuit described the finality rule under the FAA as follows:

> "Thus [] a district court is without authority to review the validity of arbitrators' rulings prior to the making of an award.  Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable.

> "Policy considerations, no less than the language of the [Federal Arbitration] Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators.  Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court.  As we stated in *Compania Panemena Maritima* [*v. J.E. Hurley Lumber Co.*, 244 F.2d 286, 288-89 (2d Cir. 1957)] a district court should not 'hold itself open as an appellate tribunal' during an ongoing arbitration proceeding, since applications for interlocutory relief 'result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.'"

> *Michaels v. Mariforum Shipping, SA*, 624 F.2d 411 (2d Cir. 1980)(holding

that "Decision & Interim Award" that failed to address counterclaims is not confirmable).

"[T]he submission by the parties determines the scope of the arbitrators' authority."

*Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir.

1991)(citing *Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) and *Murray Walter,*

*Inc. v. Laborers Int'l Union*, 388 N.Y.S.2d 716 (3d Dep't 1976)).   Interim and partial

awards are not confirmable with the following exception:

> "[I]f the parties agree that the panel is to make a final
> decision as to part of the dispute, the arbitrators have the
> authority and responsibility to do so.   Second, once
> arbitrators have finally decided the submitted issues, they
> are, in common-law parlance, 'functus officio,' meaning
> that their authority over those questions is ended.   Thus *if
> the parties have asked the arbitrators to make a final partial
> award* as to a particular issue and the arbitrators have done
> so, the arbitrators have no further authority, absent
> agreement by the parties, to redetermine the issue."

Id. (citations omitted).

The Defendants in this case have loudly and expressly <u>not agreed</u> to a

partial submission of the case.   As the Affirmation in Support shows, the Defendants pled

without success that the Bais Din fully hear out the parties' claims on the matters

addressed in Part A of the Interim Award, and the Plaintiff has continued to call on the

Bais Din to modify and otherwise decide the issues in Part A of the Interim Award (See

Gottesman Affirmation at Exhibits C – E).   The Psak Din Zmani / Interim Decision

expressly provided that the Bais Din maintained jurisdiction over every aspect of the

case.   Since the parties did not agree to a partial or interim award; and the Bais Din has

not claimed to become *functus officio* with respect to the limited matters allegedly

decided, the Psak Din Zmani / Interim Decision is not final in whole or in part and

therefore not confirmable under Second Circuit precedent.

Since the Court has no subject matter jurisdiction to Confirm the Psak

Din Zmani / Interim Decision, the Verified Petition must be dismissed.

II.    **The Plaintiff Failed to Join Necessary Parties**

The Verified Petition must be dismissed pursuant to Rule 12(b)(7) because the Plaintiff has not and cannot join all necessary parties under Rule 19.  Here in the Eastern District, the Courts have described a two-step test for determining whether the court must dismiss an action for failure to join a party, as follows:

> "**First**, the Court must determine whether the party qualifies as a 'necessary' party whose joinder is feasible under Rule 19(a).  *Viacom*, 212 F.3d at 724; *See Provident v. Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968)("'Persons having an interest in the controversy, and who ought to be made parties . . . are commonly termed necessary parties . . . .")(quoting Shields v. Barrow, 58 U.S. 130, 139 (1854)).  **Second**, if the Court makes a threshold determination that joinder of an absent party is necessary is not feasible, the Court must next determine whether the party is 'indispensible.' Viacom, 212 F.3d at 725."

*In re Khan*, 2014 WL 4956676, at * 11 (E.D.N.Y. Sept. 30, 2014)

In the Eastern District, "The party moving for dismissal for failure to join an indispensable party has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *City of N.Y. v. Milhelm Attea & Bros., Inc.*, 550 F.Supp.2d 332, 353 (E.D.N.Y. 2008)(citations omitted).

A.    **Necessary Parties Were Not Joined**

The Plaintiff did not join all the parties to the arbitration agreement and the Psak Din Zmani / Interim Decision.  The arbitration agreement provided that it would resolve claims about OCPI shares and related matters between the Defendants and:

> "**Solomon Sharbat**, personally and the entities below, **JJS investments LLC**, **Solomon capital LLC**, **Solomon capital 401k trust**, **Solomon partners**, **Solomon capital**

17

> **advisors**, **Advantage premium funding**, **New York life settlements**, and any other entity that Sharbat has ownership or control interest in".

Verified Petition at Exhibit A, *accord* Psak Din Zmani / Interim Decision.

Parties have plausibly alleged that Sharbat has a controlling interest in Solomon Capital Living Trust,[4] and Qualified Settlement Management, LLC.[5] *See Holland v. Fahnestock Co., Inc.,* 210 F.R.D. 487, 492 (S.D.N.Y. Aug. 1, 2002)(In ruling on a motion to dismiss under Rule 12(b)(7), "[t]he Court may consider matters outside the pleadings in ruling on the motion.")

Further, the Plaintiff himself has alleged in various court cases that he has ownership in a number of corporate entities including but not limited to: Lion Biotechnologies, Inc.,[6] Liresco Holdings, Israel Venture Partners, Rallee Media, Ltd., Easy Forex Ltd., Rallee Israel Ltd, AVA Trade EU Ltd, AVA Capital Markets Australia Pty Ltd, Ava Trade Ltd, Ava Trade Japan KK, and other entities that are associated with avafx.com.[7]  The Defendant has further plausibly alleged that Plaintiff is apparently still engaged in business activities overseas and has several corporate entities organized and existing under Israeli law.  In the underlying arbitration in this case, Sharbat has alleged that he has an ownership interest in OCPI and its related companies.

---

[4]    *See* Complaint in *United Torah and Education & Scholarship Fund, Inc. v. Solomon Capital LLC, et al.*, Index #703955/2014 at ¶ 7 (N.Y.S.Ct. Queens Co. June 6, 2014)(copy annexed as Exhibit H to Gottesman Affirmation).

[5]    *See* Verified Complaint in *The Nimkoff Firm v. Sharbat, et ano.*, Index #161168/2014 at ¶ 3 (N.Y.S.Ct. N.Y. Co. Nov. 10, 2014)(copy annexed as Exhibit I to Gottesman Affirmation).

[6]    *See* Verified Complaint in *Solomon Capital, LLC, et al., v. Lion Biotechnologies, Inc.*, Index #651881/2016 (N.Y.S.Ct. N.Y. Co. April 8, 2016) (copy annexed as Exhibit J to the Gottesman Affirmation).

[7]    *See* Complaint in Sharbat v. Israel Venture Partners, et al., Index #154454/2015 (N.Y.S.Ct. N.Y.Co. May 5, 2015)(copy annexed as Exhibit K to the Gottesman Aff.).

Joinder of these missing parties is neither practical nor feasible.  First, it speaks for itself that the Plaintiff chose to not name the various parties to the arbitration agreement and Award – those entities in which Sharbat has any ownership interest or which he controls – which indicates that their joinder was neither practical nor feasible. Second, Sharbat is currently in litigation against various parties in which he claims an ownership interest, which would make their joinder impractical and not feasible.

**B.     Missing Parties are Indispensible**

Failing to include the missing parties would be devastating consequences for all involved.  In *Conntech Development Co. v. Univ. of Conn. Educ. Properties, Inc.*, 102 F.3d 677 (2d Cir. 1996) the Second Circuit found a party which "is not required to do anything under the arbitration award, and thus its absence could in no way preclude complete relief from being granted" is not indispensible.

That is not the case here.  Were the Court to confirm this award, the Defendants would be subject to potentially different and conflicting demands of various courts.  Should a party to the arbitration agreement seek enforcement in New Jersey, in Israel or some other jurisdiction, the Defendants would potentially have two or three separate set of discovery demands viable against him.

If the Defendants obtain vacatur of the Award or the arbitration agreement as a whole, such decision may not be binding on the missing parties, who can then proceed in this – or other – jurisdiction(s), including New Jersey and Israel, to seek confirmation or enforcement independent of Sharbat, personally.

In addition, the parties to the Arbitration Agreement include parties outside the jurisdiction of this Court.  Plaintiff can game the system where he refuses to

cooperate with Discovery – as has happened in the past – and regardless of the outcome in this proceeding, any of the other parties to the arbitration agreement or Award can take a second bite at the apple.  In addition, should any jurisdictional or fact discovery become necessary, Sharbat would have access to the Defendants who are present, while Sharbat and the companies and entities that he controls and owns may remain out of reach of the personal jurisdiction of this Court.

It would be profoundly unfair if this case proceeded absent the necessary parties.  And since the joinder of such parties is neither feasible nor practical, the Verified Petition must be dismissed until such time as all the necessary parties are joined.

### III.  The Plaintiff Failed to State a Claim

Under the CPLR and the Federal Rules, Petitions to Confirm are treated very different than typical Complaints.  The Courts have held that "a petition to confirm an arbitral award is treated as akin to a motion for summary judgment." *GE Transportation (Shenyang) Co., Ltd. v. A-Power Energy Generation Systems, Ltd.*, No. 15-cv-6194 (S.D.N.Y. June 22, 2016)(citing SDNY case which quotes *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006))(copy of decision at Exhibit L).  "To prevail on a motion for summary judgment, the movant must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  In making this determination, the Court must view all facts in the light most favorable to the non-moving party." *GE Transportation*, *Id*. at * 4.

The Affirmation in Support by Defendant Muskat raises material facts about the allegations in the Verified Petition, and therefore the Plaintiff cannot prevail and the Verified Petition must be dismissed.

Among the material facts in dispute here, include the claim that "[a]fter a dispute arose the, the Petitioner and Respondent agreed to submit their claims to binding arbitration.  See Exhibit A." Verified Petition at ¶ 6.

As described in the Affirmation in Support, the Defendants agreed with Plaintiff and a number of companies to a modified version of the Maysharim Bais Din Agreement to Submit to Arbitration and *Shtar Birurin*.  The parties expressly negotiated and agreed to the arbitration of "Claims on OCPI shares and related matters."  The parties further agreed with "Muskat being represented by Baruch Gottesman."  These negotiated agreements were of the essence of the arbitration agreement, without which the Defendants would not have entered into them.

Plaintiff alleged "Petitioner signed the arbitration agreement on behalf of himself." Verified Petition at ¶ 7.  In fact, as described in the Affirmation in Support, Sharbat signed on behalf of himself and all companies in which he had an ownership interest and control.

Plaintiff alleged "The Petitioner and Respondents arbitrated their disputes and the arbitration resulted in the arbitrators awarding $277,469 to the Petitioner." Verified Petition at ¶ 8.  In fact as described in the Affirmation in Support, the Petitioner refused to cooperate with the arbitration, failed to make himself available for Discovery and at no time did he appear for an arbitration hearing.  As described in the Psak Din Zmani / Interim Decision, the arbitrators found it "not viable" to arbitrate the primary matter to which the parties agreed to arbitration.  The Psak Din Zmani / Interim Decision did not identify to which party Muskat owed any funds.

21

Plaintiff alleged "[t]he Award was delivered to the parties via email and first-class mail on or around May 10, 2017.  See Exhibit B."  In fact as the Affirmation in Support alleged, the Plaintiff failed to include any evidence in Exhibit B of delivery of the award.  And in fact the Psak Din Zmani / Interim Decision was never delivered by mail as required under New York law and the arbitration agreement.

Material issues of fact having been raised, the Plaintiff has failed to meet their burden to allege sufficient facts to Confirm the Psak Din Zmani / Interim Award.

## IV.    Conclusion

The Verified Petition to Confirm the Psak Din Zmani / Interim Decision should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), the Federal Arbitration Act and N.Y. C.P.L.R. §§ 7510 and 7511 because this Court has no subject matter jurisdiction to Confirm the non-final and indefinite Psak Din Zmani / Interim Decision.  Further, the Petition should be dismissed pursuant to Rule 12(b)(7) because the Petitioner failed to join necessary and indispensible parties.  The Verified Petition should also be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6); and CPLR §§ 7511 because the Petitioner has not sufficiently alleged that the Psak Din Zmani / Interim Decision was delivered, has not alleged the existence of the parties' arbitration agreement, and because there are genuine issues of material fact.

DATED:    **SEPTEMBER 12, 2017**

AT:    **FRESH MEADOWS, NY**

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendants*

23