Sarfaty & Associates, P.C.
1 N. Sherri Lane
Wesley Hills, New York 10977
Telephone: (845) 426-5710

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLOMON SHARBAT | Case No.: 1:17-cv-04776 |
| Petitioner, | **PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTION** |
| v. | |
| CHAIM MUSKAT, STAR FINANCIAL LLC, AND SEPHARDIC TORAH AND RETURN CENTER INC., | |
| Respondents. | |

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS'**

**MOTION**

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES.............................................................- 1 -

    I.    The FAA Applies.............................................................................................................- 1 -

    II.    The OCPI Matter Was Submitted to the Arbitrators and a Decision Was Made that It Could Not Be Determined Because of Res Judicata and Collateral Estoppel.............................- 1 -

    III.    The Arbitration Award May be Enforced by This Court................................................- 2 -

    IV.    The Proper Parties Are Present In This Action...............................................................- 3 -

    V.    The Motion to Dismiss Must Be Denied..........................................................................- 5 -

    VI.    Conclusion.......................................................................................................................- 6 -

# **TABLE OF AUTHORITIES**

**CASES**

*Am. Trucking Ass'ns v NY State Thruway Auth.*, 795 F3d 351 (2d Cir 2015)......................- 5 -, - 6 -

*Barclays Capital Inc. v Joliot*, 2017 US Dist LEXIS 161446 (SDNY Sep. 28, 2017, No. 16-CV-2481-LTS)................................................................................................................- 4 -, - 5 -

*Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1 (1983)......................................................- 3 -

*DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015).......................................................................- 3 -

*GE Transp. (Shenyang) Co. v A-Power Energy Generation Sys.*, 2016 US Dist LEXIS 81367.....- 7 -

*Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 U.S. Dist. LEXIS 28495, 2007 WL 1149122 (S.D.N.Y. Apr. 16, 2007)..............................................................................- 7 -

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013).....................................................- 6 -

*Mason Tenders Dist. Council Welfare Fund v All Union, Inc.*, 2002 US Dist LEXIS 17885, (SDNY Sep. 23, 2002, 01 Civ. 0152(AGS))..................................................................................- 5 -

*Matter of Steven Kessler Motor Cars, Inc. v Ferrart North America*, 245 AD2d 211, 666 N.Y.S.2d 613 (1st Dept 1997)........................................................................................................- 4 -

*Pagano v GFI Sec., LLC*, 2017 US Dist LEXIS 136317 (SDNY Aug. 14, 2017)..........................- 2 -

*Pennsylvania Eng'g Corp. v Islip Resource Recovery Agency*, 710 F Supp 456 (EDNY 1989).....- 1 -

*Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 N.Y.2d 173 (1995)....................................- 3 -

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010).............................................- 3 -

*U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir. 1996)....................................- 2 -

*Volt Info. Sciences v Bd. of Trustees*, 489 US 468 (1989).............................................................- 3 -

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  The FAA Applies**

Respondents in this case spends a significant amount of time arguing New York law applies. However, "federal and not state law governs review of arbitration issues in the federal courts." *Pennsylvania Eng'g Corp. v Islip Resource Recovery Agency*, 710 F Supp 456, 461 (EDNY 1989). Thus, though this Court may look to state law for guidance, in any instance where the FAA is in conflict with state law, the FAA prevails and applies.

Respondents attempt to circumvent this rule by noting a line of cases holding that in event of a choice of law provision the Courts will honor it. However, in this case, there is no choice of law provision. Rather, Respondents point to a forum selection clause which clearly grants jurisdiction to New York or New Jersey Courts when enforcing an award.[1] The fact that two different choices for jurisdiction are given for enforceablity of the award cannot be read as a choice of law provision because that would mean that that the provision would be under the laws of two different states. In fact, (as referred to in the Arbitration Agreement) CPLR 7501 speaks of personal jurisdiction as does NJSA 2A:24-7. It is therefore abundantly clear that the language in the arbitration agreement simply allows enforceable in either forum- either New York or New Jersey is appropriate.

Needless to say, it is clear that the FAA governs the enforcement of the arbitration award in this case.

**II.  The OCPI Matter Was Submitted to the Arbitrators and a Decision Was Made that It Could Not Be Determined Because Res Judicata and Collateral Estoppel**

Respondents argue that the arbitration award is not final because the OCPI matter was not determined. However, this is clearly wrong. Rather, the Petitioner argued to the Arbitrators that the OCPI matter had already been determined and thus it was barred by *res judicata* and *collateral estoppel*. See Sarfaty Decl..

---

[1] The clause states, "The Parties submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A:24-1 et seq and Article 75 of the New York Civil Practice Law and Rules." See Sarfaty Decl. Ex. A.

The fact of the matter is, the law is clear and unambiguous- under both federal law in the 2nd Circuit and under New York law (if for some reason the Court applies state law), whether res judicata or collateral estoppel applies is an issue to be decided by the arbitrators themselves. *U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir. 1996); *Pagano v GFI Sec., LLC*, 2017 US Dist LEXIS 136317, at *4-6 (SDNY Aug. 14, 2017).

It is clear that Petitioner argued that the claim was barred on the grounds of res judicata and collateral estoppel even if those specific terms were not used. Sarfaty Decl. The basis for the argument that OCPI should not be considered by the arbitrators was that it had been previously decided by a different Beis Din. Sarfaty Decl. The fact that the arbitrators used slightly different language than the legalistic "res judicata/collateral estoppel" does not mean that the arbitrators did rule on those grounds- there is know doubt they had the authority to rule on this threshold matter and in fact, they did.

Respondent's factually deficient and specious argument that the claim is barred because it was not considered must be rejected by the Court. It is clear that indeed, the arbitration panel did consider the OCPI matter and decided it could not be heard because the issue had already been decided.

**III.    The Arbitration Award May be Enforced by This Court**

On the face of the decision from the arbitrators (the "Decision") it is clear that is final with regards to the issues already decided. See Sarfaty Decl. Ex. B. An additional award may be granted on additional matters. Needless to say, even if this Court were to find that the award is not final, it is clear that the Court may enforce the decision under the freedom of contract doctrine.

Courts have allowed parties the freedom to fashion arbitrations in a model that suits them even if it is in contradiction with state and federal law. For instance, forum selection clauses are enforced. *Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 N.Y.2d 173, 181-182 (1995). Clauses which prevent consolidation of actions are enforced. *Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 20 (1983). As Respondent points out, choice of law provisions are enforced. *Volt Info. Sciences v Bd. of Trustees*, 489 US 468, 479 (1989). Anti-class action provisions are enforced

2

even when state law prohibits them. *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015). Provisions regarding whom shall hear the arbitration are enforced. *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010).

In fact, *Volt* states the rules under which an arbitration will be conducted are enforceable. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U. S. 468, 479, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). Thus, if Courts enforce provisions preventing consolidation of actions, preventing class actions, enforce where an arbitration is done, and enforce the procedural and substantive law chosen by the parties, surely in our case, where the parties have clearly agreed that there may be interim awards, the Court should enforce that provision as well.

Turning to our case- the Arbitration Agreement specifically states that "the Arbitrators shall be empowered to issue such intermediate decisions or orders as they deem necessary" (2nd paragraph) and then states that "[t]he decree of the Arbitrators shall be enforceable in the courts in the State of New Jersey and/or New York." (last paragraph). See Sarfaty Decl. Ex. B. It is clear the Petitioner and Respondent agreed to this term. It is clear that Respondents not only waived their rights to any finality requirement but it is also unequivocally clear based on the Arbitration Agreement, that the Arbitrators may issue an interim ruling and that such a ruling is enforceable by this Court. As such, this Court has the power to enforce the Decision.

It should be noted that, even if the Decision is determined to be interim, it is not without precedent that an interim ruling will be enforced. *Matter of Steven Kessler Motor Cars, Inc. v Ferrart North America*, 245 AD2d 211, 666 N.Y.S.2d 613 (1st Dept 1997). Therefore, this Court should enforce the Decision.

**IV.    The Proper Parties Are Present In This Action**

The only necessary parties to a summary proceeding to enforce an arbitration award are the parties that participated in the arbitration. *Barclays Capital Inc. v Joliot*, 2017 US Dist LEXIS 161446, at *4-5 (SDNY Sep. 28, 2017, No. 16-CV-2481-LTS). Respondents, as the moving parties, bear the burden of establishing that joinder of necessary parties is required. *Joseph S. v Hogan*, 561 F Supp 2d 280, 311 (EDNY 2008). Respondents have failed to meet this burden.

Respondent notes that Mr. Muskat and Mr. Sharbat agreed that both parites may submit disputes to the arbitrators that involved a list of entities and any other entity where Mr. Sharbat owned a controlling interest in.  No evidence was submitted that any dispute involving any other entity (owned by Sharbat) other than the parties to this action was in fact submitted to the arbitrators.  As such, all the necessary parties have been attached and Respondents have failed to meet their burden that additional parties must be included in this proceeding.

However, even if the Court does find that a party listed on the arbitration agreement is a necessary party, still, that would not be grounds for dismissing the action.  "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Barclays Capital Inc. v Joliot*, 2017 US Dist LEXIS 161446, at *3-4 (SDNY Sep. 28, 2017, No. 16-CV-2481-LTS) quoting *American Trucking Ass'ns, Inc. v. New York State Thruway Authority*, 795 F.3d 351, 357 (2d Cir. 2015).  Thus, if the Court determines that any other of the entities listed on the arbitration agreement should be joined, it can simply join those parties to the action.

It should also be noted that Respondents are claiming that a list of non-listed entities should be included.[2]  However, on page 19 of Respondents' brief, they glaringly acknowledge that Mr. Sharbat cannot bind those entities.  Thus, it is clearly not reasonable (and thus impossible) to interpret the agreement to include entities that Mr. Sharbat could not bind to the agreement.  There is no allegation that Sharbat had the authority (either actual or apparent) to bind the list of entities Mr. Muskat puts in his brief.  Therefore, even if Mr. Sharbat had intended to enter into the Agreement on behalf of those parties, he cannot be said to have actually bound them to the Agreement and thus any such binding would be void.  *Mason Tenders Dist. Council Welfare Fund v All Union, Inc.*, 2002 US Dist LEXIS 17885, at *9 (SDNY Sep. 23, 2002, 01 Civ. 0152(AGS)).

---

[2] Note, similar language in the Arbitrayion Agreement is used with Respondent Muskat with regards to non-listed entities.  Mr. Muskat makes no attempt at all to identify an exhaustive list of entities he has an ownership interest in that should be included in this action.  Mr. Muskat, of course, could have sought to have those parties intervene, but he has not.  This is obviously because Mr. Muskat has no interest in including said entities as they had nothing to do with the arbitration.

4

Therefore, Respondents' concerns that a list of entities that Mr. Sharbat is suing because he was excluded (and obviously cannot act on their behalf if he was excluded) is a ridiculous argument. Especially since those entities weren't even a party to the Arbitration. Obviously, if Mr. Sharbat could not bind the parties and these "missing" parties did not take part in the Arbitration, they are not part of the Arbitration Agreement and are not necessary to this case.

Of course, even if these non-listed entities were necessary parties, Respondents fail to exert any analysis under Rule 19(b). "If joinder of a 'necessary' party under Rule 19(a) is not feasible, the court consults Rule 19(b), which 'requires courts to consider whether, "in equity and good conscience," the party is one without whom the action between the remaining parties cannot proceed--or, in the traditional terminology, whether the absent party is "indispensable."'" *Am. Trucking Ass'ns v NY State Thruway Auth.*, 795 F3d 351, 357 (2d Cir 2015) quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 132 (2d Cir. 2013). In this case, there is no explanation by the Respondents as to why parties that did not participate in the arbitration would be indispensable in enforcing the arbitration award. As such, it is clear that they are not necessary parties to this action.

## V. The Motion to Dismiss Must Be Denied

It is not clear on what grounds Respondents are seeking to dismiss the Petition in this case. They cite no cases where there was a dismissal of a Petition to confirm an arbitration award nor is any standard enumerated. Rather, a case is cited about treating an action to confirm an arbitration award as a motion for summary judgment, which does not seem to be relevant to the motion to dismiss here.

The case cited by Respondents states that the following is necessary to prevent the confirmation of an award: an "indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law[,] . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *GE Transp. (Shenyang) Co. v A-Power Energy Generation Sys.*, 2016 US Dist LEXIS 81367, at *11 (SDNY June 22, 2016)

5

quoting *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 U.S. Dist. LEXIS 28495, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).[3]

The Muskat Declaration on which the motion to dismiss is predicated makes no allegations that the arbitration decision was made arbitrarily nor that it exceeded the arbitrator's jurisdiction, or otherwise was contrary to law. As such, the motion to dismiss must be denied.

## VI. Conclusion

For the reasons stated the Respondents' motion should be denied in its entirety, the arbitration award should be confirmed, and the Court should grant such further relief as it deems just and necessary.

DATED: October 11, 2017

                                                Respectfully submitted,

                                                SARFATY & ASSOCIATES, P.C.

                                                By: /s/ ELI SARFATY
                                                    ELI SARFATY
                                                *Counsel for Petitioner*
                                                1 N. Sherri Lane
                                                Wesley Hills, NY 10977
                                                (845) 426-5710

---

[3] Respondents also claim that the Decision was not mailed to them despite the fact that the Decision itself says it was mailed to them. See Exhibit B, last page. In another distraction, Respondents claim that the entire arbitration agreement was not attached but fail to show what they think was not attached.