**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

SOLOMON SHARBAT,                                |    Civil Action No.  1:17-cv-04776

          **Plaintiff,**

      **~ against ~**

CHAIM MUSKAT, STAR FINANCIAL LLC;
and SEPHARDIC TORAH AND RETURN
CENTER INC.,

         **Defendants**

---------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN
### SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendants*

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.    **The Plaintiff Has Not and Can Not
Cite Any Precedent for Confirmation of an Interim Award** . . . . . . . . . . . . . . . . 1 – 3

B.    **The Parties Have Not Agreed to an
Interim Award in this Matter** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 – 5

C.    **The Necessary Parties Have Not Been Joined** . . . . . . . . . . . . . . . . . . . . . . . . . . 5 – 6

D.    **Should the Verified Petition Survive this Motion to Dismiss
The Court Should Allow an Answer
to be Filed and Discovery Commenced** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

i

## Table of Authorities

** Copy of Decision annxed to Gottesman Affirmation

## Court Decisions

** *Goldberger v. Fischer, et ano.*,
    2017 N.Y. Slip Op. 01854 (2d App. Div. March 15, 2017) . . . . . . . . . . **3**

*Kramer v. Geldwert*,
    996 N.Y.S.2d 530 (1st Dep't 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

*Matter of Nationwide Mut. Ins. Co. [Miller]*,
    95 AD2d 961 (N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

*Matter of Steven Kessler Motor Cars, Inc. v. Ferrari North America*,
    666 N.Y.S.2d 613 (1st Dep't 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

*Mobil Oil Indonesia v. Asamera Oil [Indonesia]*,
    43 N.Y.2d 276 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

*Susequehanna Valley Ctrl. School District at Conklin v.*
*Susquehanna Valley Tchrs. Assoc., et al.*,
    101 A.D.2d 933 (N.Y. 3rd Dep't 1983) . . . . . . . . . . . . . . . . . . . . . . . . **3**

ii

<u>**Preliminary Statement**</u>

Defendants respectfully submit this Reply in support of their Motion to Dismiss.  As this Memorandum of Law describes, the Plaintiff has not and can not cite any precedent where a court confirmed an interim award.  Further the Parties have not agreed to any interim award in this matter.  Defendants will also argue that the necessary parties have not been joined and will respectfully propose that should the Verified Petition survive this Motion to Dismiss, the Court should allow an Answer to be filed and limited discovery commenced.

**A.**      **The Plaintiff Has Not and Can Not**
         <u>**Cite Any Precedent for Confirmation of an Interim Award**</u>

The Plaintiff has not and can not cite any precedent in this State where a Court confirmed an interim arbitration award.

Plaintiff does makes reference to <u>Matter of Steven Kessler Motor Cars, Inc. v. Ferrart [*sic*] North America</u>, 666 N.Y.S.2d 613 (1st Dep't 1997), as precedent where an interim arbitration ruling was enforced.  Respectfully the short, summary opinion, issued two decades ago in <u>Matter of Steven Kessler Motor Cars, Inc.</u>, addressed only whether an unspecified "colorful comment by the arbitrator, with respect to the credibility of claimant's principal" demonstrated bias or misconduct.  The Court held that the "colorful comment" did not satisfy the "clear and convincing proof standard" of actual bias by the arbitrator.   At no time did <u>Matter of Steven Kessler Motor Cars, Inc.</u> address the enforceability of an interim award.

Defendants would also emphasize that the Plaintiff's citation to a decision before the First Department in the New York Supreme Court seems inconsistent with the Plaintiff's claim that "in any instance where the FAA is conflict with state law, the FAA prevails and applies." PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS at p. 3.

In fact, it is the clear, consistent, and current practice under both the FAA and New York's CPLR to make clear that interim awards are unenforceable. Defendants' original Motion to Dismiss references the New York rule set out by the Court of Appeals in Mobil Oil Indonesia v. Asamera Oil [Indonesia], 43 N.Y.2d 276 (1977), which excluded courts from consideration of interim awards.

Mobil is consistently followed. For example, New York's First Department recently held: "a court may not review the interim orders of an arbitrator (*Mobil Oil Indonesia v. Asamera Oil [Indonesia]*, 43 N.Y.2d 276 [1977])." Kramer v. Geldwert, 996 N.Y.S.2d 530 (1st Dep't 2014). Similarly, as thoroughly discussed in the Defendant's Motion to Dismiss, earlier this year the New York's Second Appellate Division affirmed the dismissal of a Motion to Confirm a remarkably similar interim award by a Beth Din and held:

> "An arbitration award is indefinite or nonfinal if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy. Here, the arbitration award was nonfinal, as it did not resolve the issue of monetary damages. Accordingly the Supreme Court property granted that branch of the motion . . . which was, in effect, to compel the petition to return to the rabbinical court for a determination of the issue of damages and properly, in effect, denied the petition

2

to confirm the arbitration award without prejudice to renew upon conclusion of the arbitration."

Goldberger v. Fischer, et ano., 2017 N.Y. Slip Op. 01854, at *2 (2d App. Div. March 15, 2017). The Third Appellate Division has also held that:

"It is well-settled law that, except to rule upon a preliminary application to compel or stay arbitration pursuant to CPLR 7503, the court is without authority to become involved in the arbitration process until the conclusion of the proceeding (*Matter of Nationwide Mut. Ins. Co. [Miller]*, 95 AD2d 961 (N.Y. 1983))."

Susequehanna Valley Ctrl. School District at Conklin v. Susequehanna Valley Tchrs. Assoc., et al., 101 A.D.2d 933 (N.Y. 3rd Dep't 1983). And as elucidated fully in the Motion to Dismiss, under the FAA the same limitations on confirming an interim award apply.

The Plaintiff has been unable to cite (and the Undersigned's research has not identified) any cases in New York State or the District Courts within the Second Circuit where a Court confirmed an interim award where the arbitrators retained jurisdiction over the matter and the parties did not agree to partial resolution.

To be clear, the limitation on the Court's ability to involve itself with respect to interim matters would apply regardless of any alleged agreement between the parties. Parties have no power to ask a court to involve itself in an ongoing arbitration matter. This is both a statutory limitation on the court's jurisdiction; and also a prudential limitation on the court being dragged into live matters active before another forum. All this is especially true in this case, where the Plaintiff has continued to involve the arbitrators even subsequent to filing their Verified Petition to Confirm.

**B.    The Parties Have Not Agreed to an**
   **Interim Award in this Matter** ____

Assuming, *arguendo*, the Court has jurisdiction to involve itself in an ongoing arbitration matter – the simple fact is that the parties have not agreed to the issuance or enforcement of this Psak Din Zmani / Interim Award.

The Plaintiff cites part – but not all – of the provisions of the Arbitration Agreement.  The Plaintiff claims that the Agreement to Submit to Arbitration provided that "that the Arbitrators shall be empowered to issue such intermediate decisions or orders as they deem necessary".

However, at no point does this "Empowerment" clause say that the parties agree that any such intermediate decisions may be enforced in any Court.  To the contrary! The Plaintiff has – after the filing of their Verified Petition – moved before the Bais Din for a penalty for Defendants removal of the Verified Petition to Federal Court and the Bais Din offered to do so.  No court involvement was contemplated by either party – not in their written agreement and not in their manifest behavior.

Further, with respect to the question of jurisdiction to enforce any interim award, the more specific provision of the Agreement to Submit to Arbitration explicitly excludes jurisdiction in Court of consideration of interim awards.  The Agreement provides:

> "The Parties  .  .  .  consent that the arbitration be held and commence with the jurisdiction of the Arbitrators to continue until a final award be made."

Agreement to Submit to Arbitration¶ 3 (emphasis added).

The Agreement to Submit to Arbitration further provided:

4

"In the event that after an award is made a dispute between the Parties arises as to the interpretation of the award, compliance of the Parties, or if a Party motions for reargument due to their claim of a judicial error or new evidence etc., the Parties agree that the Arbitrators shall have binding jurisdiction on the matters, and the Parties authorize the Arbitrators to add to, amend, change, or clarify a decision, to the extent permitted by law."

*Id.* (emphasis added).

Contrary to Plaintiff's creative reading of an isolated line within the Agreement to Submit to Arbitration, the Agreement simply does not contemplate a role for any Court until the full and final resolution of all matters in dispute between the parties. Further, the Plaintiff's actions in asking the arbitrators to address the ongoing proceedings evidence that Plaintiff has never understood the Arbitration Agreement to provide jurisdiction to the Court over interim awards.

## C.      The Necessary Parties Have Not Been Joined

I understand that the Plaintiff claims in their response to the Motion to Dismiss that the parties to the Agreement to Submit to Arbitration are not necessary parties. Plaintiff argues that they are not necessary parties because despite signing the arbitration agreement on their behalf, Sharbat was in fact unable to represent those parties with respect to the arbitration agreement. I understand that the Plaintiff therefore argues obvious that it is "a ridiculous argument" that Sharbat's failure to include the parties that were deceitfully added by him to the Agreement to Submit to Arbitration would prevent this case from moving forward.

This is the first time that Defendants or their counsel have heard or read this admission by Sharbat that he entered into the Agreement to Submit to Arbitration under false pretenses.   Should the Verified Petition survive the Motion to Dismiss, the Defendants would respectfully request leave for discovery to identify the actual parties to the Agreement to Submit to Arbitration and the facts and circumstances surrounding Sharbat's deceit during the execution of the Agreement.

**D.      Should the Verified Petition survive the Motion to Dismiss,
          the Court should allow an Answer to be Filed and Discovery Commenced**

There are clearly factual questions in dispute between the parties in this case.  While Defendants believe that the Verified Petition is premature, to the extent that resolution of this Verified Petition turns on questions about the diversity of the Parties; or the meaning of the arbitration agreement; or the manifest intent of the Parties, the Defendants should be granted permission to file an Answer and engage in limited discovery over the relevant facts in dispute between the Parties.

**Conclusion**

For the reasons described above and in the Memorandum of Law in Support of the Motion to Dismiss, the Court should dismiss the Verified Petition with prejudice.

DATED:      OCTOBER 15, 2017
AT:         FRESH MEADOWS, NY

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq.
185-12 Union Turnpike, Fresh Meadows, NY 11366
*Attorney for Defendants*

6