UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
|
SOLOMON SHARBAT,                                             |   Civil Action No.  1:17-cv-04776
                                                             |
    Plaintiff,                                               |
                                                             |
~ against ~                                                  |
                                                             |
CHAIM MUSKAT, STAR FINANCIAL LLC;                            |
and SEPHARDIC TORAH AND RETURN                               |
CENTER INC.,                                                 |
                                                             |
    Defendants                                               |
                                                             |
-----------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendants*

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**A.**   **This Court has no Subject Matter Jurisdiction
         to Enforce Plaintiff's Subpoena**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 – 7

      **I.**   To Invoke 9 U.S.C. § 7, the Movant Must Establish
         an Independent Basis for
         Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . 2 – 4

      **II.**  The District Court is not an Appellate Tribunal
         for Evidentiary Disputes before
         an Arbitration Panel . . . . . . . . . . . . . . . . . . . . . . . . . 5 – 7

**B.**   **The Purported Subpoena is Outside
         the "Specific Parameters" Authorized by the
         Psak Din Zmani / Interim Decision** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 – 8

**C.**   **The Purported Subpoena is Otherwise Unenforceable** . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Table of Authorities

◊◊ Authority Primarily Relied Upon
\*\* Copy of Decision Annexed to Gottesman Affirmation

### Court Decisions

*Amgen, Inc. v. Kidney Ctr. of Delaware County, Ltd.*,
　　95 F. 3d 562 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

◊◊ *Co. Panemena Maritima v. J.E. Hurley LBR, Co.*,
　　244 F.2d 286 (2d Cir. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Complaint of Koala Shipping & Trading Inc.*,
　　587 F.Supp. 140 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Federal Arbitration Act*,
　　9 U.S.C. § 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
　　552 U.S. 576 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Harry Hoffman Printing*
*v. Graphic Commc'ns. International Union, Local 261*,
　　912 F.2d 608 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

◊◊ *In re Calyon for an Order Quashing Subpoena*
*Issued by Francois Pages in FINRA No. 08-01653*,
　　2009 WL 1025995 (S.D.N.Y. April 13, 2009) . . . . . . . . . . . . . . . . . . . . . 2

\*\* *In re Ann Cianflone, et ano.*,
　　Index #3:14-MC63 (N.D.N.Y. Dec. 4, 2014) . . . . . . . . . . . . . . . . . . . . . . 2

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
　　460 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

◊◊ *Oxford Health Plans v. Sutter*,
　　133 S.Ct. 2064, 2068 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sexton v. Lecavalier*,
　　11 F.Supp.3d 439 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

◊◊ *Stolt –Nielsen SA v. Celanese AG*,
　　430 F.3d 567 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1, 2**

*Westmoreland Capital Corp. v. Findlay*,
　　100 F.3d 263 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Preliminary Statement**

"It should not be the function of the District Court . . . to hold itself open as an appellate tribunal to rule upon any questions of evidence that may arise in the course of the arbitration."

Co. Panemena Maritima v. J.E. Hurley LBR, Co.,
244 F.2d 286, 288 (2d Cir. 1957)

This Court has no jurisdiction to enforce this Motion to Compel pursuant to 9 U.S.C. § 7 because there is no independent basis for subject matter jurisdiction. Further prudential considerations lean against this Court's premature involvement in this case. Last, there are other technical reasons why the purported subpoena is unenforceable.

**A.     This Court has no Subject Matter Jurisdiction
to Enforce Plaintiff's Subpoena**

  **I.     To Invoke 9 USC § 7, the Movant Must Establish
  an Independent Basis for Subject Matter Jurisdiction**

Courts in this Circuit have no jurisdiction to enforce an arbitration subpoena pursuant to 9 U.S.C. § 7 unless there is an independent basis for subject matter jurisdiction. Since Plaintiff has not claimed any independent subject matter jurisdiction over the object of the purported subpoena, this Court is the wrong address for the Plaintiff to enforce his purported subpoena and the Plaintiff's Motion must be dismissed.

The Second Circuit has explained:

"Section 7 [of the Federal Arbitration Act] does explicitly permit an aggrieved party to bring a petition before a district to enforce an arbitration subpoena. *See* 9 USC § 7. But so do other provisions of the FAA that we have already determined require an independent basis of subject matter jurisdiction. *See Westmoreland Capital Corp. [v. Findlay]*, 100 F.3d [263] at 268 [(2d Cir. 1996)]; *Harry Hoffman Printing [v. Graphic Commc'ns. International Union, Local 261]*, 912 F.2d [608] 611 [(2d Cir. 1990)]. There is no reason to reach a different conclusion for a party invoking Section 7. *See Amgen, Inc. v. Kidney Ctr. of*

1

> *Delaware County, Ltd.*, 95 F. 3d 562, 567 (7th Cir. 1996)(holding that Section 7, like other provisions of the FAA, does not create subject matter jurisdiction); *see also Westoreland Capital Corp.*, 100 F.3d at 268 ("[A]lthough a number of provisions in the FAA refer to the 'United States court' in a manner that suggests a bestowal of jurisdiction (e.g. FAA §§ 7, 9, 10, 11), these provisions have not been interpreted to confer jurisdiction on the federal courts."). Therefore, parties invoking Section 7 must establish a basis for subject matter jurisdiction independent of the FAA."

Stolt –Nielsen SA v. Celanese AG, 430 F.3d 567, 572 (2d Cir. 2005).

This "independent subject matter jurisdiction" rule has been consistently followed by New York District Courts. See, for example, the decision by Judge Sweet in the Southern District, who held:

> "Both the Supreme Court and the Court of Appeals for this Circuit have held that Section 7 of the [Federal Arbitration Act ("FAA")] . . . does not, without more, confer subject matter jurisdiction on the federal courts. *See* Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, [581], 128 S. Ct. 1396, 1402, 170 L. Ed.2d 254 (2008) ("As for jurisdiction over controversies touching arbitration, the Act does nothing, being `something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." (*citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983)); *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005) (same). Indeed, the Court of Appeals has been explicit that in circumstances such as these, "parties invoking Section 7 must establish a basis for subject matter jurisdiction independent of the FAA." *Stolt-Nielsen SA*, 430 F.3d at 572."

In re Calyon for an Order Quashing Subpoenas Issued by Francois Pages in FINRA No. 08-01653, 2009 WL 1025995, at *1 (S.D.N.Y. April 13, 2009)(Sweet, District Judge Robert); See also In re Ann Cianflone, et ano., Index #3:14-MC63 (N.D.N.Y. Dec. 4, 2014)(McAvoy, District Judge Thomas J.) (same).

2

The Plaintiff's motion here is to solely "enforc[e] the arbitration subpoenas [*sic*] pursuant to 9 U.S.C. § 7", but cites no other provision of the C.P.L.R. or the practice of Batei Din. The Plaintiff, who is the Party seeking to invoke the court's jurisdiction to enforce his purported subpoena has represented that:

> "There is no basis for diversity jurisdiction in this case. This is especially true considering the fact that Respondents are seeking to add parties to this action."

August 23, 2017 Letter from Sarfaty, counsel to Sharbat, to the Court, Docket #11

The two cases cited by Plaintiff for the proposition that this Court may enforce the purported arbitration subpoena are inapposite.

The Plaintiff cites <u>Complaint of Koala Shipping & Trading Inc.</u>, 587 F.Supp. 140 (S.D.N.Y. 1984) for the proposition that: "Arbitration panel had authority to issue subpoena duces tecum and discovery order pertaining to relevant documents". *See* PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL at p.2. Leaving to one side that <u>Complaint of Koala</u> as decided more than two decades prior to the promulgation of the <u>Stolt –Nielsen SA</u> rule against enforcement of subpoenas when no independent subject matter jurisdiction exists, <u>Complaint of Koala</u> is irrelevant here.

In <u>Complaint of Koala</u> the court addressed an unusual docket management issue. The arbitrators were "unsure" whether they had jurisdiction to issue a subpoena and therefore directed the party to present the application to the District Judge. <u>Complaint of Koala</u> at 142. To expedite the case before it, the Court said it "see[s] no purpose in sending Concorde back to the panel for the relief it seeks", *Id*. at 142, and therefore issued through the District Court, which would be enforced pursuant to Rule 45. This pre-<u>Stolt-Nielsen SA</u> decision, which acknowledged it was a one-off, unusual circumstance to expedite resolution of the underlying

3

matter is inapplicable here.  The Decision in <u>Complaint of Koala</u> itself acknowledged that "[i]n the future, the panel should exercise its power" *Id*. at 142 - 143.  If the Decision in <u>Complaint of Koala</u> does not even apply to further proceedings within the same case, it certainly cannot be expanded to a general rule that the Arbitrators can delegate to Your Honor the obligation to issue and enforce a subpoena on their behalf.

    The Plaintiff cites <u>Sexton v. Lecavalier</u>, 11 F.Supp.3d 439 (S.D.N.Y.), for the proposition that "under Section 7 of the Federal Arbitration Act, it has jurisdiction to compel a testifying witness to comply with the terms of a subpoena and the power to reqwuire the attendant document production" *See* Petitioners' Memorandum of Law in Support of their Motion to Compel at p.2.  To be clear, the movant in <u>Sexton</u> established an independent basis for subject matter jurisdiction exists.  *See* Complaint in <u>Sexton v. LeCavalier</u>, Index #1:13-cv-08557 (S.D.N.Y. December 2, 2013)(copy of <u>Sexton</u> Complaint in annexed to Gottesman Affirmation as Exhibit A).

    By contrast, the movant here has previously represented to this Court that other than the FAA, there is no independent basis for subject matter jurisdiction.  Therefore the Plaintiff is estopped from now arguing that they have some independent subject matter jurisdiction to enforce a subpoena under 9 U.S.C. § 7.

    At the very least, to the extent there is a fact issue about whether diversity jurisdiction exists (which would provide the independent basis for jurisdiction), the Court should order Sharbat to produce either a current American passport or, in the alternative, evidence of his de-naturalization.

## II. The District Court is not an Appellate Tribunal for Evidentiary Disputes before an Arbitration Panel

As described more fully in the Defendants' Motion to Dismiss, the court has a very limited role to play in on-going arbitration proceedings. It is not the role of the District Court to get involved in Discovery disputes between the parties, especially – as here – where alternate methods of resolution exist.

The Second Circuit described the limited role that Courts have in the resolution of evidentiary disputes before arbitration:

> "It should not be the function of the District Court . . . to hold itself open as an appellate tribunal to rule upon any questions of evidence that may arise in the course of the arbitration."

Co. Panemena Maritima v. J.E. Hurley LBR, Co., 244 F.2d 286, 288 (2d Cir. 1957)

Justice Elana Kagan, writing for the full Court described the prudential considerations that should predispose the Court to not unnecessarily address evidentiary and discovery matters that are still before the arbitration panel.

> "If parties could take 'full bore legal and evidentiary appeal,' arbitration would become 'merely a prelude to a more cumbersome and time-consuming judicial review process'"

Oxford Health Plans v. Sutter, 133 S.Ct. 2064, 2068 (2013).

These prudential considerations are especially applicable here where the Plaintiff has other methods before asking the Federal Court to get involved in this discovery dispute. Specifically, the Plaintiff may move before an appropriate Supreme Court Justice for enforcement of the purported subpoena. (For reasons known only to the Plaintiff, though they initially filed the underlying Verified Petition in the Supreme Court of the State of New York for

5

the County of Queens, they chose not to move before that Court to compel production pursuant to the purported subpoena).

Further, the arbitration panel has itself offered to remedy any purported non-compliance. On August 22, 2017 (<u>after having filed the Verified Petition</u>), Plaintiff's attorney petitioned the arbitrators for relief for Defendants' alleged non-compliance with the subpoena. He asked the arbitrators as follows:

> "Given Mr. Muskat's failure to respect the Bes [sic] Din's directive . . . failure to provide discovery, we implore the Bes [sic] Din to give a final P'sak on the matter in our favor in the definite amount of $5M ($5,000,000). This is our [Claim]. Granting us this amount will obviate the need for discovery and will give finality to the P'sak".

e-mail from Eli Sarfaty to Bais Din, August 22, 2017 (copy of e-mail annexed to Gottesman Affirmation as Exhibit B).

The Bais Din responded that same day:

> "The BD is prepared to issue a final ruling based on the evidence that has been presented throughout the case and by using their understanding of Din Torah to determine what amount, if any, should be awarded in a final Psak from drawing adverse inferences.
> "Please confirm if you are / are not making that request".

e-mail from Bais Din to Eli Sarfaty on August 22, 2017 (copy of e-mail annexed to Gottesman Affirmation as Exhibit C).

Sarfaty responded in kind that same day:

> "To the Bes Din,
> "Thank you for the clarification.
> "We are not yet ready to make that application.
> "We hope to be in touch with the Bes Din in the future after the events unfold etc."

6

e-mail from Eli Sarfaty to Bais Din on August 22, 2017 (copy of e-mail annexed to Gottesman Affirmation as Exhibit D).

Under such conditions, where the arbitrators have offered to ameliorate any alleged non-compliance with the purported subpoena, and where the Plaintiff may move before the Supreme Court of the State of New York, it is inappropriate for this Court to involve itself in discovery disputes between the parties.

**B.     The Purported Subpoena is Outside
the "Specific Parameters" authorized by
<u>Psak Din Zmani / Interim Decision</u>**

The Psak Din Zmani / Interim Decision provided the Plaintiff the narrow "authorization" to engage in limited action as follows:

> "[A]2.)   In addition, Bais Din hereby authorizes Plaintiff to petition in civil court for a forensic investigation with the specific parameters as detailed in A3.
>
> "[A]3.)   To subpoena Defendant to furnish access to Defendants' accounting records (including his entities) to determine the exact amount of revenue that was received in association to deals made between Defendants and Jonathan Spetner specifically relating to Life Insurance policies."

"Psak Din Zmani / Interim Decision", attached to Sarfaty Declaration at Exhibit B

By contrast, here is what was demanded in the purported subpoena:

> "DOCUMENTS TO BE PRODUCED
>
> "1.   Produce **all** documents evidencing your account and financial records.
>
> "2.   Produce **all** documents evidencing your account and financial records. including [*sic*] for your entities relating in any way to Jonathan Spetner transactions involving life insurance policies in any way.

7

> "3. Produce all documents evidencing your account and financial records which evidences revenues received in any way from policies of Erno Bodek."

"Subpoena", attached to Sarfaty Declaration at Exhibit C, p. 5 (Docket #__) (emphasis in original).

At no time did the arbitrators authorize this sort of fishing expedition. The overbroad demand for "**all** documents evidencing your account and financial records" is entirely unreasonable. It provides no limit in time or relevance. And is entirely inconsistent with the "Specific Parameters" allegedly authorized by the arbitrators. Therefore even assuming for the sake of argument that this Court will involve itself in a discovery dispute over which it has no independent subject matter jurisdiction, the Court should not compel compliance with such an overbroad demand that is completely inconsistent with the "Specific Parameters" allegedly authorized by the arbitrators.

C. <u>The Purported Subpoena is Otherwise Unenforceable</u>

The Plaintiff has not and cannot allege that he served the proposed subpoena. Further, the Plaintiff seeking to enforce this Subpoena has apparently been unable to obtain the cooperation of the other petitioners in the arbitration proceedings. Further, the documents annexed to the Motion to Compel – the arbitration agreement and the Psak Din / Interim Award – are inconsistent with the documents annexed to the original Verified Petition. For these and other reasons, the Motion to Compel should be dismissed.

8

## Conclusion

For the reasons described above, this Court has no jurisdiction to enforce this Motion to Compel pursuant to 9 U.S.C. § 7 because there is no independent basis for subject matter jurisdiction. Further prudential considerations lean against this Court's premature involvement in this case. Last, there are other technical reasons why the purported subpoena is unenforceable.

DATED: **OCTOBER 9, 2017**

AT: **FRESH MEADOWS, NY**

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Defendants*

9