Sarfaty & Associates, P.C.
1 N. Sherri Lane
Wesley Hills, New York 10977
Telephone: (845) 426-5710

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLOMON SHARBAT, <br><br> Petitioner, <br><br> v. <br><br> CHAIM MUSKAT, STAR FINANCIAL LLC, AND SEPHARDIC TORAH AND RETURN CENTER INC., <br><br> Respondents. | Case No.: 1:17-cv-04776 <br><br> **PETITIONER'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO ENFORCE SUBPOENA** |

## PETITIONER'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONER'S MOTION TO ENFORCE

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Each of Respondents' arguments as to why the arbitration subpoena may not be enforced are wrong. First, there is jurisdiction in this case. In fact, Respondents are the parties that removed this action to federal court. Thus, the fact that at this point they claim that there is no federal subject matter jurisdiction is perplexing. However, as the Respondents themselves have stated, there is federal subject matter jurisdiction over this case under the New York Convention, and thus the Court does have the authority to hear this motion. Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012).

Second, with respect to the fact that Respondents are claiming that this is a discovery dispute that the Court does not have the authority to rule on, they are wrong. As the Respondents state in their own brief, the Court does have the authority to enforce arbitration subpoenas under 9 U.S.C. § 7. It is unclear why in one part of Respondents' brief they acknowledge the authority of this Court under 9 U.S.C. § 7 and later they claim there is no authority.

Finally, to the extent that the subpoenas asked for more than was permitted by the arbitrators,[1] the Court can limit the production to what the arbitrators allowed. It should also be noted that Respondents failed to even respond to the subpoena to note this objection.

---

[1] Note, the fact that Respondents claim that the subpoena is not limited as to scope and time just shows that they did not read the instructions, which does define the time period.

- 2 -

Thus, for the reasons stated herein and the reasons stated in Petitioner's moving paperwork, it is respectfully requested that the Court enforce the arbitration subpoena and grant such further relief as it deems just and necessary.

DATED: October 18, 2017

                                       Respectfully submitted,

                                       SARFATY & ASSOCIATES, P.C.

                                       By: <u>/s/ Jason Lowe</u>
                                               Jason Lowe
                                       *Counsel for Petitioner*
                                       1 N. Sherri Lane
                                       Wesley Hills, NY 10977
                                       (845) 426-5710